## *Ex parte* The State *In re* Ella McCall.

Petition for *Certiorari*.

The petition in this case was as follows: "To the Honorable The Supreme Court of Alabama. Your petitioner, Tennent Lomax, solicitor for the county of Montgomery, who prosecutes for the State of Alabama, respectfully shows unto your Honors that at the July term, 1896 of the city court of Montgomery, on the 14th day of August, 1896, one Ella McCall was tried and convicted in said city court under an indictment charging her with the offense of using abusive, insulting or obscene language in the presence of females, as will more fully appear from the copy of the indictment and of the judgment entry of said court, which are hereto attached, marked, respectively, Exhibit A and Exhibit B, and prayed to be taken as a part hereof. That upon said conviction a fine of two dollars and the cost of the prosecution were imposed upon said Ella McCall, which said fine and cost amounted to $50.70 and judgment was rendered against her for said fine and the costs of prosecution as appears from Exhibit B. hereinabove set out. The said Ella McCall thereupon paid to the clerk of said court the sum of thirty dollars, and

asked and was granted the term of thirty days in which to pay the balance of said sum. There was no confession of judgment for said fine and costs and the court did not sentence said defendant but allowed her the said thirty days in which to pay the said sum. The cause remained on the docket of said court and was regularly continued until the next term of said court. Said Ella McCall having failed to pay said balance of said fine and costs within the time specified by the court, it was on the 14th day of October, 1896, ordered that an *alias capias* issue for said Ella McCall as will more fully appear by the minute entry of said court, a copy of which is hereto attached marked Exhibit C and prayed to be taken as a part hereof. On said 14th day of October, 1896, the clerk of said court issued said *alias capias*, pursuant to order of said court, and said *capias* was duly executed by the sheriff of Pike county, in said State, as more fully appears from a copy of said *capias* and the indorsements thereon which is hereto attached marked Exhibit D, and prayed to be taken as a part hereof, and said Ella McCall was committed to the jail of Pike county awaiting her removal to the county of Montgomery. Petitioner further shows that on, towit, the—day of October 1896, and while said Ella McCall was still in the custody of the sheriff or jailer of Pike county, and before her delivery to the sheriff of Montgomery county, the said Ella McCall applied to the Honorable E. B. Wilkerson, Judge of the Criminal Court of Pike county, for a writ of *habeas corpus* directed to the sheriff of said county requiring said sheriff to produce said Ella McCall before said judge of said criminal court and seeking the discharge of said Ella McCall from further detention under said *capias* of the city court of Montgomery, which said writ was granted by said judge of the said criminal court.

"Petitioner further shows that on the hearing of said writ of *habeas corpus* the said judge of said criminal court discharged said Ella McCall from the custody of the sheriff of Pike county, and thereby released her from further detention under said *capias* and prevented her delivery to the sheriff of Montgomery county, thereby over-riding and setting at naught the *capias* of the city court of Montgomery under which said McCall was held. Petitioner avers that he is unable to set out said writ of *habeas corpus*, the petition thereof, the order of dis-

charge of said judge, or the reason for said discharge, because, although he has repeatedly applied for said papers or copies thereof, he has been unable to secure them, they having been lost or mislaid as he is informed, but the fact of said discharge is shown by the return made by the said sheriff of Pike county on the *capias* as will more fully appear from the copy thereof contained in Exhibit D., already heretofore made a part hereof.

"Petitioner avers that said city court of Montgomery had jurisdiction both of the subject matter of the offense and of the person of said Ella McCall, and had the power and jurisdiction to order and to have issued the *alias capias* under which said Ella McCall was arrested and from custody under which she was released by said order of said judge of the criminal court of Pike county, and that said E. B. Wilkerson, judge of the criminal court of Pike county had no authority to discharge said Ella McCall from custody and release her from the performance of the mandate of said city court of Montgomery upon said application for *habeas corpus*.

"The premises considered, petitioner respectfully asks this honorable court to cause to be issued to said Hon. E. B. Wilkerson, judge of the criminal court of Pike county, as aforesaid, its writ of *certiorari*, prohibition or other proper writ, commanding him to show cause, if any there be, why said proceedings shall not be brought before this court and said order made by him discharging said Ella McCall from custody, on the hearing of the application by said Ella McCall for a writ of *habeas corpus*, shall not be vacated and annulled and here quashed; and your petitioner will ever pray, &c. Tennent Lomax, Solicitor for the county of Montgomery."

The application was denied.

Opinion PER CURIAM.